United States District Court
Southern District of Texas
**ENTERED**
June 03, 2022
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| MICHAEL SHENTON, | § | Civil Action No. |
| Plaintiff, | § | 4:21-cv-02104 |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| ENSITE USA INC, | § | |
| Defendant. | § | |

### Opinion and Order Granting Motion to Dismiss

The motion to dismiss by Defendant EnSite USA Inc is granted. Dkt 16.

1. Background

Leslie Doyle brought previous action against EnSite for violations of the Federal Labor Standards Act in August 2018. See *Doyle v EnSite USA Inc*, Civil Action No 4:18-cv-02941 at Dkt 1. Judge Gray H. Miller subsequently approved the following conditional class: "All current or former individuals who worked for EnSite in the Inspector position and paid a day rate between April 13, 2015 through the present." Id at Dkt 27.

EnSite employed Plaintiff Michael Shenton as a general inspector from May 2015 through December 2015. Dkt 1 at ¶ 28. He contends that EnSite paid him "a set day rate regardless of the number of hours he worked in a week." Id at ¶ 31. Shenton thus opted into the conditional class. Id at ¶ 16.

Judge Miller decertified the conditional class on May 19, 2021. *Doyle*, 4:18-cv-02941 at Dkt 72. Shenton then brought this individual action in June 2021, asserting claims for untimely wage compensation and unpaid overtime under the FLSA. Dkt 1. EnSite now moves to

dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 16.

2. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 557.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019). But "courts 'do not accept as true conclusory allegations,

unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and attachments thereto. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

3. Analysis

EnSite contends that the claims by Shenton are barred by the applicable statute of limitations. Dkt 16.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v Alcoa Inc*, 339 F3d 359, 366 (5th Cir 2003).

A two-year limitations period typically applies to FLSA claims. But "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 USC § 255(a). "A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v Pulse Drug Co*, 821 F2d 261, 271 (5th Cir 1987).

Shenton alleges that EnSite willfully violated the FLSA. Dkt 1 at ¶ 39. The three-year limitations period thus applies for purposes of this motion. And EnSite concedes that Shenton benefits from two tolling periods totaling 779 days—133 days based on the tolling period to which the parties in *Doyle* agreed, and 646 days from the time Shenton opted into *Doyle* to the time the conditional class was decertified. Dkt 16 at 3–4. As Shenton brought this action on June 28, 2021, any claim that accrued before May 2016 is barred. See Dkt 1.

Shenton alleges that he was last employed by EnSite in December 2015. Dkt 1 at ¶ 28. He thus concedes that his claims are barred by limitations. Dkt 22 at 1. But he argues

3

that he's entitled to further equitable tolling apart from the 779 days conceded by EnSite. Ibid.

Equitable tolling can apply to FLSA actions, but the Fifth Circuit cautions that it "is a narrow exception" that should be "applied sparingly." *Sandoz v Cingular Wireless LLC*, 700 F Appx 317, 320 (5th Cir 2017, *per curiam*), quoting *Phillips v Leggett & Platt Inc*, 658 F3d 452, 457 (5th Cir 2011) (quotation marks omitted). A plaintiff must demonstrate that (i) he has been diligently pursuing his rights, and (ii) some extraordinary circumstance stood in his way and prevented timely filing. Ibid. "This standard requires 'reasonable diligence,' not 'maximum feasible diligence.'" Ibid, quoting *Holland v Florida*, 560 US 631, 653 (2010). Still, a "garden variety claim of excusable neglect" won't suffice. *Tate v Parker*, 439 F Appx 375, 376 (5th Cir 2011, *per curiam*), quoting *Holland*, 560 US at 651 (quotation marks omitted). "The party who invokes equitable tolling bears the burden of proof." *Teemac v Henderson*, 298 F3d 452, 457 (5th Cir 2002).

Shenton here pleads no facts that would entitle him to equitable tolling apart from the conceded 779 days. It's therefore evident from the face of the complaint that the action is barred. *Jones*, 339 F3d at 366. The motion by EnSite to dismiss will thus be granted.

  4. Potential for repleading

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation marks and citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

A respected treatise notes that "courts should permit the plaintiff to amend the complaint" when "the defendant raises the bar of the statute of limitations." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1277 (Westlaw 2021). Shenton will thus be permitted to seek leave to amend his complaint. But any such motion for leave must address the deficiencies and concerns identified above and will be subject to the dictates of Rule 11(b) of the Federal Rules of Civil Procedure.

5. Conclusion

The motion by Defendant EnSite USA Inc to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED. Dkt 16.

The claims asserted by Plaintiff Michael Shenton against Defendant EnSite USA Inc are DISMISSED WITHOUT PREJUDICE.

Shenton must seek leave to replead by June 23, 2022, if at all.

SO ORDERED.

Signed on June 3, 2022, at Houston, Texas.

*[signature: Chas R Eskridge III]*

Hon. Charles Eskridge
United States District Judge